**UNITED STATES NORTHERN DISTRICT COURT**

**EASTERN DIVISION**

FILED

APR 13 2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**JACKIE SAMPLE**

V

Judge Andrea Wood

CASE NO 1:26 - 941

STATEMENT REGARDING THE IMPACT OF MEDICATIONS DR. HASABOU SOUGHT TO COMPELLE ME TO TAKE AND THEIR IMPACT ON RELATED PROCEEDINGS

**1.** Plaintiff, Jackie Sample, submits this statement to document the impact of non standard medical treatment actions and recommendations made by Defendant Dr. Nashwa Hasabou and how those actions directly relate to Plaintiff's ability to participate in ongoing federal litigation involving multiple related matters, as well as daily functioning.

**2.** Dr. Nashwa Hasabou is a Defendant in Case No. 1:26-cv-03846.

**3.** Plaintiff alleges that Dr. Hasabou created a medical report containing false, fraudulent, and misleading statements regarding Plaintiff's health, specifically Plaintiff's mental health.

1 of 5

**4.** Plaintiff states that Dr. Hasabou characterized Plaintiff's lived experiences involving Defendants named across multiple federal actions as delusional.

**5.** Plaintiff further states that, despite Metropolitan Family Services having received and reviewed supporting documentation relating to Plaintiff's lived experiences, Dr. Hasabou attributed those documented experiences involving multiple Defendants to delusional thinking.

**6.** These characterizations directly relate to Plaintiff's claims and experiences across the following matters:

a. Jackie Sample v. Madison Sample, et al

b. Jackie Sample v. DuPage County, et al

c. Jackie Sample v. James Mendrick, et al

d. Jackie Sample v. Dr. Hasabou, et al

**7.** Plaintiff further states that Defendant Dr. Nashwa Hasabou abruptly discontinued established ADHD treatment with Vyvanse, then directed, pressured, and sought to compel Plaintiff to instead initiate treatment with risperidone and aripiprazole, with the alternative being discontinuation of Vyvanse altogether, stating risperidone and aripiprazole would be used instead.

**8.** Plaintiff further states that research shows risperidone and aripiprazole are not considered first-line treatments for ADHD.

**9.** Plaintiff further states that, while such medications may be used off-label in limited circumstances, including management of severe irritability or aggression associated with certain conditions, stimulant medications remain the primary and evidence-supported treatment for ADHD.

**10.** Plaintiff further states that research shows risperidone and aripiprazole are atypical antipsychotic medications primarily approved for the treatment of conditions including schizophrenia, bipolar I disorder with acute manic or mixed episodes, and irritability associated with autism spectrum disorder (ASD).

**11.** Plaintiff further states that these medications are also used in conditions such as oppositional defiant disorder (ODD), and conduct disorder.

**12.** Plaintiff further states that these medications are considered first-line or evidence-supported treatments for acute mania and mixed episodes, as well as for bipolar, schizophrenia, including symptoms such as hallucinations and delusions.

**13.** Plaintiff further states that research shows risperidone and aripiprazole are sedating medications that can cause drowsiness, slowed thinking, cognitive impairment commonly described as "brain fog," reduced motivation, and emotional flattening, all of which impair cognitive clarity and executive functioning.

**14.** Plaintiff further states that research shows combining risperidone and aripiprazole is generally not recommended and may increase the risk of serious adverse effects, including excessive sedation, cardiac complications, and other health risks.

**15.** Plaintiff further states that these risks include potential cardiac adverse events such as arrhythmias, including tachycardia, and in some cases more serious cardiovascular complications, including risk of death, particularly in individuals with pre-existing cardiac conditions such as myself.

**16.** Plaintiff further states that Defendant Dr. Hasabou was aware of Plaintiff's preexisting cardiac condition at the time she directed and sought to compel an abrupt transition to these medications.

**17.** Plaintiff further states that Defendant Dr. Hasabou did not order an EKG or seek clearance from Plaintiff's cardiologist or other treating physicians prior to directing this non standard abrupt change in treatment.

**18.** Plaintiff further states that Plaintiff offered to seek medical clearance from her physician in order to continue her established ADHD treatment.

**19.** Plaintiff further states that Defendant Dr. Hasabou responded, "No don't Do That."

**20.** Plaintiff states that, under the conditions imposed, sought, compelled by Defendant Dr. Nashwa Hasabou, the use of risperidone and aripiprazole would impair Plaintiff's ability to think clearly, advocate on her own behalf, make decisions, and could obstruct plaintiff's communication, including disruption of Plaintiff's disability-related communication style.

**21.** Plaintiff further states that such impairment would further obstruct Plaintiff's ability to equally and meaningfully participate in legal proceedings and daily functioning.

**22.** Plaintiff further states that, under the effects of such medications, it would be reasonable to conclude that Plaintiff would further be unable to equally and meaningfully participate in litigating federal complaints against Defendant Madison Sample, judges Kenton Skarin, James Orel, Neal Cerne and Susan Alvarado, DuPage County, Defendant Sheriff James Mendrick, DuPage County States Attorneys Office and other DuPage County officials.

**23.** Plaintiff further states that these circumstances directly impact Plaintiff's ability to protect her civil rights, property rights, due process rights, ADA-related rights, equal access to the courts, and the ability to receive fair and honest judicial proceedings across multiple related federal actions.

24. Plaintiff further states that these circumstances are not isolated to a single case but reflect an ongoing pattern of practice and conduct depriving Plaintiff's ability to equally and meaningfully participate in proceedings involving overlapping parties, subject matter, and issues across multiple actions.

25. Plaintiff further states that these circumstances present a continuing risk to Plaintiff's safety and well-being, including the risk of serious harm and is reasonable to include potentially life-threatening consequences.

26. For the record, Plaintiff Jackie Sample declined Defendant Dr. Nashwa Hasabou's non-standard practice to compel a change from Plaintiff's established treatment plan with Vyvanse to risperidone and aripiprazole, as these medications present a risk of significant daily functional impairment. Even greater, Plaintiff has a documented cardiac medical condition that these drugs could pose a risk and potential cardiac complications, including serious and potentially life-threatening adverse events.

**Date:** April 12, 2026

**Jackie Sample**

**(773)719-0337**

**Jackshousinganddevelopment@gmail.com**